THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DONALD WALKER, Defendant-Appellant.

Third District    No. 77-294

Opinion filed April 5, 1978.

Robert Agostinelli and Gary Garretson, both of State Appellate Defender's Office, of Ottawa, for appellant.

Carl E. Hawkinson, State's Attorney, of Galesburg (James E. Hinterlong and Gerry R. Arnold, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE ALLOY delivered the opinion of the court:
Defendant Donald Walker appeals from a conviction for armed robbery, wherein he was found guilty by a jury and thereafter sentenced to a term of 6 to 10 years in the penitentiary. The only issue raised on appeal by defendant is a contention that the trial court erred in denying defense counsel, what he asserts to be a statutory right, to directly question the prospective jurors. The trial judge informed counsel for both the State and the defendant that the trial judge would not permit counsel to directly question prospective jurors on the voir dire examination of the jurors. Voir dire examination was to be conducted solely by the trial

judge. Defense counsel, upon being so advised, filed a motion to allow defense counsel to conduct direct voir dire examination of prospective jurors at the trial. This motion was denied.

It is not necessary that we review the record in this cause since the issue presented on appeal is a narrow one which was presented to this court in the case of *People v. Brumfield* (3d Dist. 1977), 51 Ill. App. 3d 637, 366 N.E.2d 1130, where this court determined that the statute, giving opposing counsel the right to conduct voir dire examinations of prospective jurors, unduly infringed upon the judicial power of the courts in violation of the separation of powers doctrine of the constitution of this State, and that such statute was, therefore, void. We concluded there that the refusal to permit defense counsel to directly question prospective jurors did not constitute error. Counsel for defense, on appeal, has recognized the *Brumfield* case but stated that the issue was preserved until the Supreme Court of the State of Illinois rendered its decision where the issue was similarly raised in the case of *People v. Jackson* (1977), 69 Ill. 2d 252, 371 N.E.2d 602. The supreme court announced, in a decision filed on November 30, 1977, that the statute involved (Ill. Rev. Stat. 1975, ch. 38, par. 115—4(f)), which purported to grant to defendant a right to directly question prospective jurors, was unconstitutional. As noted, we had previously made the same determination in the *Brumfield* case. In the *Jackson* case, the supreme court specifically found that there was no constitutional right in the parties to interrogate prospective jurors on voir dire examination and that the statute to which we have referred, which contradicts Supreme Court Rule 234 (Ill. Rev. Stat. 1975, ch. 110A, par. 234), unconstitutionally infringes upon the power of the judiciary.

We, therefore, find no reversible error in the action of the trial court in the instant case, and since this was the sole issue presented on appeal, the judgment of the Circuit Court of Knox County is affirmed.

Affirmed.

BARRY, P. J., and SCOTT, J., concur.